## Fred Kackler v. Ebersole & Glasscock.

**Promissory Note—Answer.**

  An answer to a complaint to collect a promissory note is insufficient, which admits that the defendant executed the note sued on, but that it was executed through a mistake and a lack of knowledge of the true amount of his indebtedness to plaintiff, and that said note was executed for at least $57 too much, but does not state how the mistake occurred.

### APPEAL FROM FLEMING CIRCUIT COURT.

January 24, 1877.

OPINION BY JUDGE ELLIOTT:

To a suit by the appellees on a note for $553.65, the appellant answered that he executed the note sued on, but that it was executed through a mistake and a lack of knowledge of the true amount of his indebtedness to appellees, that said note was executed for at least $57 too much, and for a barrel of whiskey and box of tobacco which appellant never received from appellees, but which through mistake was embraced in the note sued on.

After the filing of appellant's answer the cause was transferred to equity, judgment having gone for the amount uncontroverted, and on final hearing judgment was rendered in appellees' favor for the $57 which had been controverted by appellant's answer.

We do not regard the answer as sufficiently setting up even a partial offense. In it appellant states that the note sued on was executed for "$57 too much," but he does not state how the mistake occurred or in what it consisted, and then says "and for a barrel of whiskey which appellant never received from appellees, but which through mistake was embraced in the note sued on." There is no allegation that the note was executed in part consideration of a barrel of whiskey and box of tobacco which were to be afterwards delivered, but which appellees had failed to deliver, nor is it stated what the barrel of whiskey and box of tobacco were worth. The answer is certainly too indefinite to be a good defense of mistake in the execution of a note, the execution of which is not denied. But if the answer amounts to anything, it is that appellant owes all the note except $57, for as there was no consideration for the $57 the same ought to be deducted from the note and judgment go for the balance by reason of a mistake in the execution of the note. A partial failure of consideration, which is the result of a mistake as to what is really due the obligee in a note at the time of its execution,

is only a matter of defense, and as this is all the answer amounted
to the judgment is *affirmed*.

W. H. Cord, for appellant.    E. C. Phister, for appellees.